IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 06 C 7136 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| LOUIS E. KOVANDA FAMILY LIMITED PARTNERSHIP, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

General Electric Capital Corporation ("GE Capital") sues the Louis E. Kovanda Family Limited Partnership ("the partnership") under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.*, alleging Louis Kovanda fraudulently transferred funds into the partnership to avoid judgment entered in the Northern District of Ohio. *See General Elec. Capital Corp. v. Steve Mox Trucking, Inc.*, No. 3:04CV7574, 2006 WL 2077038, at *1 (N.D. Ohio July 24, 2006). The partnership moves to vacate the Ohio judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (6). For the reasons set forth below, the motion is denied.

### BACKGROUND

Louis Kovanda was the president of Steve Mox Trucking, Inc. ("Mox Trucking"), an Ohio-based trucking company. *Id.* Steve Mox was the company's other principal. *Id.* In November 1997, Mox Trucking entered into a series of finance and lease agreements with GE Capital to purchase and lease semi tractors and trailers ("the 1997 lease agreements"). *Id.*; Def. Mot. at Ex. B. Under the agreements, Mox Trucking was obligated to make regular loan and lease payments. *Id.* Kovanda

personally guaranteed the payments by executing an "individual guaranty." *Id.*; Pl. Resp. at Ex. 2. The guaranty contained broad language requiring Kovanda to perform "*any other duty or obligation of any kind or character whatsoever that [Mox Trucking] may owe to [GE Capital] now or at any other time hereinafter.*" *Id.* (emphasis in original). The guaranty was terminable upon written notice. *Id.* at *2.

In January 1999, Mox purchased the company from Kovanda. *Id.* at *1. Mox Trucking then entered into a second series of lease agreements with GE Capital ("the 1999 lease agreements"). *Id.*; Def. Mot. at Ex. C. Mox personally guaranteed the agreements. *Id.* His individual guaranty contained the same broad language and termination provisions as Kovanda's previous guaranty. *Id.* Sometime later, Mox Trucking filed for bankruptcy protection and assumed the 1999 lease agreements. *Id.* As part of the bankruptcy plan, the company entered into two stipulations with GE Capital regarding past due lease payments. *Id.* In June 2002, Mox Trucking defaulted on both stipulations. *Id.*

GE Capital filed a breach of contract suit in the Northern District of Ohio against Mox Trucking, Mox, and Kovanda. In its summary judgment motion, GE Capital claimed it was owed almost $800,000. *Id.* It contended Kovanda was personally liable as a guarantor of the 1997 lease agreement. *Id.* Kovanda responded that: (1) he never intended his personal guaranty to continue after he sold Mox Trucking; and (2) he was not liable because his personal guaranty was not supported by consideration. *Id.* at *3. The Ohio court rejected Kovanda's arguments, holding that the broad language of his individual guaranty obligated him to pay any amounts Mox Trucking owed when the guaranty was executed or any time in the future. *Id.* The Ohio court found there was adequate consideration given for the guaranty and Kovanda failed to provide GE Capital with a

written termination notice. *Id.* Summary judgment was granted in GE Capital's favor; Kovanda was liable for $775,254.10. *Id.*; Def. Mot. at Ex. D. The judgment was later registered in this district. *General Elec. Capital Corp. v. Steve Mox Trucking, Inc.*, No. 06 C 5958, Dkt. No. 6 (Nov. 30, 2006) (St. Eve, J.).

In December 2006, GE Capital filed this case, alleging Kovanda fraudulently transferred his assets to the partnership to avoid the Ohio judgment. According to GE Capital, Kovanda transferred over $5 million in assets with the intent to defraud creditors and without receiving reasonably equivalent value. GE Capital seeks to void the transfer and collect the Ohio judgment from Kovanda.

## ANALYSIS

The partnership moves to vacate the Ohio judgment under two theories. It contends Rule 60(b)(3) applies because GE Capital committed fraud by misrepresenting Kovanda's liability to the Ohio court. According to the partnership, GE Capital knew Kovanda was only liable under the 1997 lease agreement, yet it fraudulently advanced the argument that Kovanda personally guaranteed the 1999 lease agreement. It is the partnership's position that the 1999 lease agreement provides the sole avenue for GE Capital to recover past due lease payments. Alternatively, the partnership contends Rule 60(b)(6)'s "catch all" provision applies because the Ohio judgment creates an "extraordinary burden" on Kovanda that warrants relief. Def. Mot. at 6. GE Capital responds that the partnership's motion is procedurally defective and substantively meritless.

### I. Rule 60(b) Standards

The court may relieve a party from final judgment. FED. R. CIV. P. 60(b). To obtain relief under Rule 60(b)(3)'s fraud provisions, the partnership must prove that it maintained a meritorious

3

claim, and because of the alleged fraud, misrepresentation, or misconduct of GE Capital, it was prevented from fully and fairly presenting its case. *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). The partnership must demonstrate it is entitled to relief by clear and convincing evidence. *Id.* A motion to vacate under Rule 60(b)(3) is an extraordinary remedy the court may grant only in exceptional circumstances. *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Rule 60(b)(6) is equally stringent. To justify relief under its "catch all" provision, the partnership must demonstrate "extraordinary circumstances." *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993). A Rule 60(b) motion is not a substitute for an appeal. *Oxxford Clothes XX, Inc. v. Expediters Int'l of Wash., Inc.*, 127 F.3d 574, 577 (7th Cir. 1997). The court has broad discretion in ruling on motions to vacate. *Reinsurance Co. of America v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990).

## II.     Rule 60(b) Jurisdiction

Before addressing the merits, the court must determine whether the motion is in the proper court. GE Capital argues the motion should have been filed in the Northern District of Ohio, where the judgment was entered. GE Capital relies on *Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000), for the proposition that Rule 60(b) motions must be presented to the court rendering judgment. The partnership replies *Elite Erectors* is inapplicable; the motion may be filed in the district where the judgment is registered.

The partnership's motion must be denied because it is not before the proper court. In *Elite Erectors*, a pension fund obtained a judgment against the participant defendants in the Eastern District of Virginia. *Id.* at 1033. The fund registered the judgment in the Southern District of Indiana, where defendants conducted business. *Id.* Defendants filed a Rule 60(b)(4) motion in

4

Indiana to void the judgment because the Virginia court lacked personal jurisdiction. *Id.* The Indiana court agreed and voided the judgment; the Seventh Circuit reversed. *Id.* at 1034. The court squarely addressed "whether a district court in which a judgment is registered . . . may modify or annul that judgment under Rule 60(b)." *Id.* The court determined it "would not make much sense" to allow each district where a judgment was registered to modify the original judgment in potentially different ways: "requests for modifications under Rule 60(b) must be presented to the rendering court." *Id.*

The partnership argues *Elite Erectors* is distinguishable because this case is separate from the Ohio suit that led to the entry of judgment. The argument fails for a number of reasons. *Elite Erectors* established a bright line rule that Rule 60(b) motions must be filed where the judgment was entered. *Id.* The partnership cites no authority to support its argument that *Elite Erectors* is inapplicable. The few cases permitting Rule 60(b) motions before the recording court are confined to circumstances where the rendering court's jurisdiction is challenged under Rule 60(b)(4). *United States v. Houshar*, No. CRIM.A. 01-272-02, 2006 WL 562206, at *9 (E.D. Penn. Mar. 7, 2006) (collecting cases); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2865 (2007) (acknowledging jurisdictional cases but stating, "[r]elief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment"). The partnership does not contend the Ohio court lacked jurisdiction to enter judgment. Therefore, *Elite Erectors* compels the motion's denial.

## III.  The Rule 60(b) Motion Is Meritless

Even if the motion were properly before this court, it must be denied. The partnership has not established any element required under Rule 60(b) to sustain the motion by clear and convincing

5

evidence. There is no evidence that Kovanda had a meritorious claim. The Ohio court based its summary judgment decision primarily on Kovanda's individual guarantee of the 1997 lease agreement. *Steve Mox Trucking*, 2006 WL 2077038, at *1-2. The guaranty's language unambiguously obligated him to pay any current or future amounts Mox Trucking owed GE Capital. *Id.* at *1. That implicitly included any amounts owed under the 1999 lease agreement. *Id.* at *3. The Ohio court found Kovanda presented no evidence that he terminated the guaranty. *Id.* Thus, Kovanda's claims the guaranty was extinguished after he sold Mox Trucking were properly rejected. *Id.* The partnership offers nothing calling the Ohio court's decision into question. *See Lonsdorf*, 47 F.3d at 897 (meritorious claim demonstrated by the district court's denial of adverse party's motion for a judgment as a matter of law).

The partnership has not demonstrated GE Capital committed fraud or made misrepresentations to the Ohio court. The partnership's motion is premised on the bare allegation that GE Capital knowingly withheld facts showing Kovanda was not obligated under the 1999 lease agreement. Pl. Mot. at 6; Pl. Reply at 3-5. But the Ohio court relied on the lease agreements and individual guaranties in making its determination. *Steve Mox Trucking*, 2006 WL 2077038, at *1-2. The Ohio court quoted extensively from the guaranties. *Id.* GE Capital did not misrepresent or withhold any facts; the relevant information was contained in public documents. The Ohio court simply disagreed with Kovanda's arguments. This does not equate to fraud under Rule 60(b)(3). *See Oxxford Clothes XX*, 127 F.3d at 578 (no fraud where allegedly withheld facts were not a matter of private information); *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996) (fraud in the legal process is not actionable if it is incapable of obstructing the opposing litigant); *De Vito v. Development and Deposit Co.*, 361 F.2d 936, 939 (7th Cir. 1966) ("conclusory averments of the

existence of fraud . . . unaccompanied by a statement of clear and convincing probative facts . . . do not serve to raise issues of the existence of fraud, much less to carry the burden of resolving that issue").

There is no evidence Kovanda was prevented from fully and fairly presenting his case to the Ohio court. *Steve Mox Trucking*, 2006 WL 2077038, at *3. His arguments were considered and properly rejected. *Id.* Accordingly, the partnership's Rule 60(b)(3) motion is meritless. There are no extraordinary circumstances warranting relief under Rule 60(b)(6). *Pioneer*, 507 U.S. at 393.

## CONCLUSION

The partnership's motion for relief from the Ohio court's judgment is denied.


ENTER:


Suzanne B. Conlon
United States District Judge

June 5, 2007