IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 06 C 7136 |
| v. | ) ) ) | Suzanne B. Conlon, Judge |
| LOUIS E. KOVANDA FAMILY LIMITED PARTNERSHIP, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

General Electric Capital Corporation ("GE Capital") sues the Louis E. Kovanda Family Limited Partnership ("the partnership") under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.*, alleging Louis Kovanda fraudulently transferred funds to the partnership to avoid a judgment entered in the Northern District of Ohio. *General Elec. Capital Corp. v. Steve Mox Trucking, Inc.*, No. 3:04CV7574, 2006 WL 2077038, at *1 (N.D. Ohio July 24, 2006). The parties cross-move for summary judgment. For the reasons set forth below, GE Capital's motion is granted, and the partnership's motion is denied.

## BACKGROUND

### I. Local Rule 56.1

Both parties filed statements of material facts pursuant to Local Rule 56.1(a)(3). Pl. Facts, Dkt. No. 37 (May 15, 2007); Def. Facts, Dkt. No. 32 (May 14, 2007). GE Capital filed a response; the partnership did not.[1] As a result, the court deems admitted all material facts set forth in GE

---

[1] The partnership filed a purported response as part of a motion for additional discovery. Def. Mot. to Deny, Dkt. No. 44 (May 25, 2007). Although the court warned the partnership that

Capital's statement. LR 56.1(b)(3)(C); *J.N. Moser Trucking, Inc. v. U.S. Dept. of Labor*, 306 F. Supp. 2d 774, 778 (N.D. Ill. 2004) (Shadur, J.) (filing statement of material facts "fulfilled only half of [defendant's] responsibility under LR 56.1" on cross-motion for summary judgment). The partnership's failure to comply with Rule 56.1 does not result in automatic summary judgement for GE Capital. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The court must still evaluate the facts in the light most favorable to the partnership. *Id.*

## II. Facts

The following facts are undisputed unless otherwise noted. Louis Kovanda was the president of Steve Mox Trucking, Inc. ("Mox Trucking"), an Ohio-based trucking company. Pl. Facts at ¶ 14. In November 1997, Mox Trucking entered into a series of finance and lease agreements with GE Capital to purchase and lease semi tractors and trailers ("the 1997 lease agreements"). *Id.* at ¶ 12. Under the agreements, Mox Trucking was obligated to make regular loan and lease payments. *Id.*; Def. Facts at ¶ 8. Kovanda personally guaranteed the payments by executing an individual guaranty. *Id.* at ¶ 13; Def. Facts at ¶ 8. The guaranty contained broad language requiring Kovanda to perform "any other duty or obligation of any kind or character whatsoever that [Mox Trucking] may owe to [GE Capital] now or at any other time hereinafter." *Id.* at ¶¶ 13, 18, Ex. C. The guaranty was terminable upon written notice, which Kovanda never provided. *Id.* at ¶ 17, Ex. C.

In September 1998, Steve Mox became the sole owner of Mox Trucking. Def. Facts at ¶ 9. Five months later, the company entered into a second series of lease agreements with GE Capital

---

its response failed to comply with Local Rule 56.1, Minute Order, Dkt. No. 54 (June 6, 2007), no amended response was filed. The partnership also failed to file a timely response to GE Capital's summary judgment motion, Def. Resp., Dkt. No. 59 (June 12, 2007) (filed eights days late without leave of court), or provide courtesy copies pursuant to the court's standing order. Nevertheless, the court has reviewed and taken into account all the partnership's arguments.

2

("the 1999 lease agreements"). Pl. Facts at ¶ 15. Mox personally guaranteed the agreements. Def. Facts at ¶ 10. In November 2000, Mox Trucking and GE Capital agreed to modify the 1997 and 1999 lease agreements. *Id.* at ¶ 12. Ultimately, Mox Trucking defaulted on its payment obligations and filed for bankruptcy protection. Pl. Facts at ¶ 20. As part of the bankruptcy plan, the company entered into two stipulations with GE Capital regarding past due payments. *Id.* Mox Trucking defaulted on both stipulations. *Id.* Kovanda was not party to the 1999 lease agreement, the modification agreements, the stipulations, or the bankruptcy plan. Def. Facts at ¶¶ 10, 12, 14, 15.

Kovanda created the partnership in June 1999. *Id.* at ¶ 11. The partnership has two members: Kovanda is the general partner and controls a 1% interest; his wife, Yim, is the limited partner and has a 99% interest. Pl. Facts at ¶ 27. As general partner, Kovanda exclusively controls distribution of funds. *Id.* Yim has no authority to bind the partnership. *Id.* Kovanda contributed approximately $5.1 million to the partnership; Yim contributed $500. *Id.* Kovanda's contribution left him insolvent, *id.* at ¶ 29, and was made at a time when he faced almost $2 million in creditor claims, *id.* at ¶ 28. Kovanda did not disclose to GE Capital that he created or transferred assets to the partnership. *Id.* at ¶ 30.

In September 2004, GE Capital filed a breach of contract suit in the Northern District of Ohio against Mox Trucking, Mox, and Kovanda. *Id.* at ¶ 22; *Steve Mox Trucking*, 2006 WL 2077038, at *1-2. In its summary judgment motion, GE Capital claimed it was owed almost $800,000. *Id.* at ¶¶ 23, 24. It contended Kovanda was personally liable as a guarantor of the 1997 lease agreement. *Id.* Kovanda responded that: (1) he never intended his personal guaranty to continue after he divested himself of Mox Trucking; and (2) he was not liable because his personal guaranty was not supported by consideration. *Steve Mox Trucking*, 2006 WL 2077038, at *3. The Ohio court rejected

Kovanda's arguments, holding that the broad language of his individual guaranty obligated him to pay any amounts Mox Trucking owed when the guaranty was executed or any time in the future. *Id.* The Ohio court found there was adequate consideration given for the guaranty and Kovanda failed to provide GE Capital with a written termination notice. *Id.* Summary judgment was granted in GE Capital's favor; Kovanda was liable for $775,254.10. *Id.*; Pl. Facts at ¶ 24. The judgment was later registered in this district. *General Elec. Capital Corp. v. Steve Mox Trucking, Inc.*, No. 06 C 5958, Dkt. No. 6 (Nov. 30, 2006) (St. Eve, J.).

During the course of the Ohio case, GE Capital learned of the partnership. Pl. Facts at ¶ 36. In December 2005, Kovanda's counsel sent a letter to GE Capital's counsel stating that Kovanda's home and car were partnership assets.[2] *Id.* The letter did not include the partnership agreement or other information regarding the partnership's make-up or value. *Id.* In January 2006, Kovanda filed a status report with the Ohio court revealing his one percent ownership interest. *Id.* at ¶ 39. Kovanda then provided a partial version of the partnership agreement. *Id.* at ¶ 41. Not until February 2006 did Kovanda disclose he transferred over $5 million to the partnership. *Id.* at ¶ 43. At his December 2006 deposition, Kovanda testified that the transfer left him insolvent. *Id.* at ¶ 49. GE Capital filed this lawsuit shortly after the deposition. Compl., Dkt. No. 1 (Dec. 27, 2006).

---

[2]In its untimely response, the partnership contends GE Capital learned that Kovanda had transferred assets to the partnership prior to December 2005. Def. Resp. at 3-5. The documents the partnership attaches in support of its unverified assertions are not authenticated. *See Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) (evidence considered on summary judgment must be admissible at trial under Fed. R. Evid.). Nor were the documents attached to the partnership's Rule 56.1 statement. Moreover, GE Capital's factual assertion that it first learned of the partnership in December 2005 is deemed admitted because the partnership failed to file a Rule 56.1 response. LR 56.1(b)(3)(C).

# DISCUSSION

## I. Summary Judgment Standard

Summary judgment is warranted when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant has the initial burden of demonstrating it is entitled to summary judgment. *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). Once the movant has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Continental Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Continental*, 427 F.3d at 1041.

## II. Fraudulent Transfer

GE Capital argues there is no genuine issue of material fact that Kovanda's $5 million transfer to the partnership was fraudulent under the Illinois Uniform Fraudulent Transfer Act ("the Act"). GE Capital's claim is based on an "actual fraud" theory. It contends Kovanda transferred funds to the partnership with the "intent to hinder, delay or defraud" his creditors. 740 ILCS 160/5(a)(1); *Grochocinski v. Zeigler (In re Zeigler)*, 320 B.R. 362, 372 (Bankr. N.D. Ill. 2005) (quoting *Lindholm v. Holtz*, 581 N.E.2d 860, 863 (Ill. App. Ct. 1991)). Kovanda does not dispute

5

the transfers were fraudulent.

To sustain a claim under the Act's actual fraud provisions, GE Capital must prove that Kovanda intended to defraud his creditors. *In re Zeigler*, 320 B.R. at 372 (citing *Gendron v. Chicago & North Western Transp. Co.*, 564 N.E.2d 1207, 1214 (Ill. 1990)). The Act sets several forth factors that may create an inference of fraud: (1) the transfer was to an insider; (2) the debtor retained possession or control of the property transferred; (3) the transfer was concealed; (4) before the transfer was made, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was not reasonably equivalent to the value of the assets transferred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred essential assets of a business to a lienor, who transferred the assets to an insider of the debtor. 740 ILCS 160/5(b).

The undisputed facts establish Kovanda transferred assets to the partnership to defraud his creditors. Kovanda created a two-person partnership: he was the sole general partner; his wife, Yim, was the limited partner. Pl. Facts at ¶¶ 5, 27. Under the Act, Kovanda's $5 million transfer was to an insider. 740 ILCS 160/2(g); *Berland v. Mussa (In re Mussa)*, 215 B.R. 158, 168 (Bankr. N.D. Ill. 1997) (transferring property to spouse is to an insider). Kovanda received almost no value for the transfer. His $5 million contribution bought a 1% interest in the partnership; Yim's $500 contribution gave have her a 99% interest. Pl. Facts at ¶ 27. Respectively, their interests are worth approximately $50,000 and $5 million. *Id.*; Pl. Mot. at 8. Even assuming the transfer provided Kovanda some ancillary tax or estate planning benefits, he did not receive reasonably equivalent

value for the transfer. *See In re Zeigler*, 320 B.R. at 377 ($100,000 difference in value received for transfer was evidence of fraud). Further, Kovanda retained control of the assets he transferred. As the sole general partner, he determines the partnership's distribution of funds. Pl. Facts at ¶ 27. Kovanda's asset transfer was a token ownership change; it did nothing to alter his control of the assets. *See In re Mussa*, 215 B.R. at 168 (debtor retained control over transferred home by controlling the premises).

Although Kovanda did not abscond or conceal assets, he failed to disclose the $5 million transfer to GE Capital when it was made. Pl. Facts at ¶ 30. GE Capital learned of the partnership in December 2005 during the Ohio case. *Id.* at ¶ 36. The earliest GE Capital knew that Kovanda transferred his entire net worth was February 2006, six and a half years after the partnership was created. *Id.* at ¶¶ 11, 43. There is no indication Kovanda disclosed the partnership or the transfer to any other creditors. *See In re Zeigler*, 320 B.R. at 376 (recording property transfer weighed against fraudulent conveyance). Further, Kovanda admitted the $5 million transfer left him insolvent. Pl. Facts at ¶ 29. He stated at his deposition that his clothes were his only asset after the transfer. *Id.* A systematic reduction in assets leaving virtually nothing for creditors evidences fraudulent intent. *In re Mussa*, 215 B.R. at 169.

The questionable timing of Kovanda's transfer also suggests fraudulent intent. Kovanda personally guaranteed Mox Trucking's future indebtedness. Pl. Facts at ¶ 13. In January 1999, Mox Trucking entered into new financing and lease agreements with GE Capital. *Id.* at ¶ 15. A few months later, Kovanda created the partnership and transferred all his assets. *Id.* at ¶ 11. Creation of the partnership coincides with looming creditor claims. Bank One secured a $185,000 judgment against Kovanda three months after the partnership was established. *Id.* at ¶ 28. At the same time,

Kovanda faced almost $2 million in claims from St. Paul Insurance. *Id.* The timing of Kovanda's transfer indicates he was guarding his assets against collection from numerous creditors, including GE Capital. *See In re Mussa*, 215 B.R. at 169-70 (suspicious timing of property transfers indicative of fraud).

The undisputed facts reflect badges of fraud. Accordingly, Kovanda's fraudulent intent is presumed. *In re Zeigler*, 320 B.R. at 373 (the presence of multiple badges of fraud raises a presumption of fraudulent intent) (citing *Steel Co. v. Morgan Marshall Indus., Inc.*, 662 N.E.2d 595, 602 (Ill. App. Ct. 1996)). The partnership offers nothing to overcome the presumption. Therefore, no genuine issue of material fact exists that Kovanda fraudulently transferred assets with the intent to hinder, delay, or defraud his creditors.

## III. Statute of Limitations

The partnership argues GE Capital's fraudulent transfer claim is time-barred. According to the partnership, there is no genuine issue of material fact that GE Capital failed to sue within one year of the time it should have discovered Kovanda's fraud. GE Capital responds that the discovery period began running within a year of the filing of this case.

The Act's statute of limitations provisions are set forth in Section 10(a):

> A cause of action with respect to a fraudulent transfer or obligation under this Act is extinguished unless action is brought . . . under [the actual fraud provisions] of Section 5, within 4 years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]

740 ILCS 160/10(a). The parties agree that the one year "discovery clause" applies. Pl. Resp. at 4; *Johnstone v. Wabick*, 207 F. Supp. 2d 824, 827 (N.D. Ill. 2002) (Bucklo, J.) (suits brought after four

years from transfer date are subject to Illinois discovery rule). The reasonable person standard applies to the discovery of fraud claims. *Id.* Thus, the statute of limitations does not begin to run until the plaintiff "knows or reasonably should have known of his injury and also knows or reasonably should have known that it was wrongfully caused." *Independent Trust Corp. v. Fidelity Nat'l Title Ins. Co.*, No. 05 C 5749, 2007 WL 1017858, at *15 (N.D. Ill. Mar. 30, 2007) (Pallmeyer, J.) (citing *Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981)).

The undisputed facts provide two possible dates when GE Capital knew or should have known Kovanda fraudulently transferred assets. The partnership contends the date is December 14, 2005, when GE Capital's attorneys first learned of the partnership and that Kovanda's home and car were partnership assets. Def. Mot. at 7, 10. GE Capital contends the date is February 24, 2006, when Kovanda disclosed the $5 million transfer. Pl. Mot. at 12. Determining which date triggered the limitations period depends on a purely legal question: the level of knowledge that GE Capital is required to have under the discovery rule. *Independent Trust*, 2007 WL 1017858, at *15.

Although neither party cites the case, *Fidelity National Title Insurance Company of New York v. Howard Savings Bank* controls. 436 F.3d 836, 840 (7th Cir. 2006). In *Fidelity National Title*, the Seventh Circuit directly addressed the Act's discovery clause. *Id.* The court determined that "the mere fact of a transfer of funds to which one has a claim does not trigger a duty of investigation and thus start the limitations period running[.]" *Id.* Instead, the claimant must know or suspect that fraudulent transfers are occurring. *Id.* As the Seventh Circuit expressed, "there must be something fishy about the transfer." *Id.*

Under *Fidelity National Title*, there is no genuine issue of material fact that GE Capital brought suit within the Act's limitations period. No reasonable jury could conclude that GE Capital

should have discovered its claims based on the December 2005 letter from Kovanda's counsel. The letter disclosed only the partnership's existence and that Kovanda's home and car were partnership assets. Pl. Facts at ¶ 36. The partnership agreement was not disclosed, nor were any of Kovanda's transfers. *Id.* The partnership may have legitimately contained Kovanda's home and car for tax purposes. *See* 33 AM. JUR. 2D *Family Partnerships* § 2026 (2007) (partnership confers tax benefits if each partner contributes his own capital or services and shares in the profits in proportion to his contribution). There was simply no way GE Capital could or should have known that the partnership was used to defraud creditors. *See Fidelity Nat'l Title*, 436 F.3d at 840 ("there must be something fishy about the transfer"); *Johnstone*, 207 F. Supp. 2d at 827 (reasonable person must be alerted to possibility that transfer is fraudulent). GE Capital discovered Kovanda's fraud in 2006 when he disclosed the partnership agreement, its value, asset allocation, and transfers. Pl. Facts at ¶¶ 27, 39-51. GE Capital filed suit within that year; its claims are not time-barred. 740 ILCS 160/10(a).

The authority cited by the partnership does not alter the analysis. *See Salsbury v. Majesky*, 817 N.E.2d 1219, 1222-23 (Ill. App. Ct. 2004) (plaintiff suspicions of fraud confirmed during defendant's deposition); *Levy v. Markal Sales Corp.*, 724 N.E.2d 1008, 1010 (Ill. App. Ct. 2000) (addressing Act's four-year limitations period, not discovery clause); *Gilbert Bros., Inc. v. Gilbert*, 630 N.E.2d 189, 192 (Ill. App. Ct. 1994) (court dismissed complaint under Illinois pleading standards because plaintiff failed to allege when fraudulent transfer was discovered). Nor do the unauthenticated documents attached to the partnership's response. Def. Resp. at Ex. A-D (investigative reports from 2004). Even if admissible, the documents provide the same limited information disclosed in December 2005. *Id.* (disclosing only the existence of a partnership containing Kovanda's home and car).

## IV. Discharge of Kovanda's Guaranty

The partnership argues summary judgment should be granted in its favor because Kovanda's individual guaranty was discharged. The partnership contends Mox Trucking and GE Capital modified the 1997 and 1999 lease agreements without Kovanda's consent, thereby releasing him as a guarantor under Ohio law. Def. Mot. at 10-12; Def. Reply at 9-12. According to the partnership, it is not liable for the Ohio judgment because Kovanda is not liable. *Id.*

The partnership's argument is meritless. The Northern District of Ohio found Kovanda liable and entered judgment against him. *Steve Mox Trucking*, 2006 WL 2077038, at *3. In order to grant the partnership's summary judgment motion, this court would have to disregard or amend the Ohio judgment. Neither are legally or factually warranted. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (*res judicata* bars claims raised and decided in earlier litigation); *Creditors' Comm. For Jermoo's Inc. v. Jermoo's Inc. (In re Jermoo's)*, 38 B.R. 197, 201 (Bankr. W.D. Wis. 1994) (*res judicata* barred "every ground of recovery or defense which might have been presented" in fraudulent transfer action). Moreover, the court recently rejected the partnership's motion to amend the Ohio judgment for lack of jurisdiction under Fed. R. Civ. P. 60(b), Mem. Op. at 7, Dkt. No. 53 (June 5, 2007); the partnership's summary judgment motion seeks the same relief. *See Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1004 (7th Cir. 2007) ("[t]he doctrine of the law of the case creates a presumption against a court's reexamining *its own* rulings in the course of a litigation").

## CONCLUSION

GE Capital's summary judgment motion is granted; the partnership's motion is denied. Kovanda's fraudulent transfers to the partnership may be voided to the extent necessary to satisfy

GE Capital's claim. 740 ILCS 160/8(a)(1) and 160/9(b)(1).

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 15, 2007